IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHIPPING and TRANSIT, LLC,

    Plaintiff,

v.

LOGISTIC DYNAMICS, INC.,

    Defendant.

_____/

CASE NO. 9:15-cv-80906-DMM
JUDGE: Donald M. Middlebrooks

**DEMAND FOR JURY TRIAL**

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO THE COMPLAINT FOR PATENT INFRINGEMENT

Defendant, Logistic Dynamics, Inc. ("Logistic"), by and through its undersigned counsel, for its Answer to the correspondingly numbered allegations in the Complaint for Patent Infringement filed by Plaintiff, Shipping and Transit, LLC ("S&T"), states as follows:

### NATURE OF THE LAWSUIT

1. Logistic admits that Plaintiff purports to state a cause of action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, but denied that the Complaint states a valid claim.

### JURISDICTION AND VENUE

2. Admitted.

3. Denied.

4. Denied.

### THE PLAINTIFF

5. Logistic lacks knowledge or information sufficient to form a belief about the truth of the allegations and they are therefore denied.

## THE DEFENDANT

6. Logistic admits that it is a New York corporation with its principal place of business located in Amherst, New York. Logistic transacts only minimal business within the State of Florida. The remaining allegations are denied.

## THE PLAINTIFF'S PATENTS

7. Logistic lacks knowledge or information sufficient to form a belief about the truth of the allegations and such allegations are therefore denied.

## COUNT I
## Direct Patent Infringement

8. Defendant incorporates herein by reference, as if set forth in full, its responses to paragraphs 1 through 7 of the Complaint.

9. Denied.

10. Denied.

## COUNT II
## Indirect Patent Infringement

11. Defendant incorporates herein by reference, as if set forth in full, its responses to paragraphs 1 through 7 of the Complaint.

12. Denied.

13. Denied.

## GENERAL DENIAL

To the extent that any allegations in the Complaint were not specifically admitted, Logistic denies them.

## LOGISITIC AFFIRMATIVE DEFENSES

On information and belief, Logisitic alleges the following affirmative defenses to the claims in Plaintiff's Complaint. In addition to the affirmative defenses described below, Logistic specifically reserves the right to allege additional affirmative defenses, if they become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

Plaintiff's Complaint fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### Non-Infringement

Defendant has not and does not infringe, whether directly, contributorily, or by inducement or otherwise, any claim of the patents identified in Plaintiff's Complaint ("S&T's Claimed Patents), either literally or under the doctrine of equivalents, whether willfully or otherwise.

### THIRD AFFIRMATIVE DEFENSE
### Invalidity

Each claim of Plaintiff is invalid or void for failure to comply with one or more provisions of the patent laws of the United States of America, 11 Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 118 and 132.

### FOURTH AFFIRMATIVE DEFENSE
### Laches, Waiver and Estoppel

Any claim for damages for patent infringement of the S&T Claimed Patents is barred or limited by the doctrines of waiver, acquiescence, and estoppel, including without limitation, prosecution history, estoppel, unclean hands and laches, and/or the S&T Claimed Patents are unenforceable under one or more of those doctrines.

3

### FIFTH AFFIRMATIVE DEFENSE
### Lack of Standing

Plaintiff lacks standing to assert claims based upon one or more of the S&T Claimed Patents.

### SIXTH AFFIRMATIVE DEFENSE
### License, Implied License and/or Patent Exhaustion

Plaintiff's claims for relief are barred in whole or in part by the doctrine of license, implied license, and/or patent exhaustion.

### SEVENTH AFFIRMATIVE DEFENSE
### Cost Barred

Plaintiff is precluded from recovering its costs by 35 U.S.C. § 288.

### EIGHTH AFFIRMATIVE DEFENSE
### Patent Marking

Any recovery by Plaintiff for alleged infringement of the S&T Claimed Patents is limited by 35 U.S.C. § 287 to any damages incurred after notice of infringement.

### NINTH AFFIRMATIVE DEFENSE
### Limitation on Damages

Any recovery by Plaintiff for the S&T Claimed Patents is limited, at the least, under 35 U.S.C. § 286, to any alleged infringement committed no more than six (6) years prior to the filing of the Complaint.

### TENTH AFFIRMATIVE DEFENSE
### Reservation of Defenses

Logistic presently lacks sufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, defenses. As such, Logistic reserves the right to assert additional defenses in the event that investigation and/or discovery reveal that additional defenses are appropriate.

## COUNTERCLAIM

Defendant and Counterclaimant, Logistic Dynamics, Inc. ("Logistic"), for its counterclaims against Plaintiff, Shipping and Transit, LLC ("S&T") alleges as follows:

1. Logistic is a New York corporation with its principal place of business located in Amhurst, New York.

2. S&T alleges in its Complaint that it is a Florida limited liability company with its principal place of business located in Boynton Beach, Florida.

## JURISDICTION AND VENUE

3. These counterclaims arise under the patent laws of the United States, Section 35 U.S.C. § 100, et.seq. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a). These counterclaims also arise under 28 U.S.C. §§ 2201 and 2202.

4. Venue in this District is permissible under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) and because S&T filed its Complaint in this District.

5. By virtue of the Complaint filed in this action, an actual and justiciable controversy has arisen between Logistic on one hand and S&T on the other, with respect to United States Patent Number 7400970 (the "970 Patent").

## FACTUAL ALLEGATIONS

6. On or about July 1, 2015, S&T filed its Complaint for Patent Infringement against Logistic alleging infringement of the 970 Patent.

7. S&T denies infringement of the S&T claimed patent and asserts that S&T's claim of patent is invalid.

## FIRST COUNTERCLAIM
## (Declaration of Non-Infringement of the 970 Patent)

8. Logistic incorporates herein by reference, as if set forth in full, the numerical paragraphs 1 through 7 of the Counterclaim.

9. Logistic has not infringed and does not infringe any valid claim of the 970 Patent.

10. Absent a declaration that Logistic does not infringe on the 970 Patent, S&T will continue to wrongfully assert the 970 Patent against Logistic and against its customers in violation of the laws and contrary to the public policy of the United States and it will thereby continue to cause Logistic irreparable injury and damage.

11. For these reasons, there is an actual and justiciable controversy between Logistic and S&T and Logistic is entitled to a decree that it does not infringe the 970 Patent.

## SECOND COUNTERCLAIM
## (Declaration of Invalidity of the 970 Patent)

12. Logistic incorporates herein by reference as if set forth in full paragraphs 1 through 7 of its Counterclaim.

13. The claims of the 970 Patent are invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 119 and 120, and/for not being otherwise in violation of one or more of the Sections of Parts of I, II and III of Title 35 of the United States Code.

14. Absent a declaration that the 970 Patent is invalid, S&T will continue to wrongfully assert the 970 Patent against Logistic and against its customers in violation of the laws and contrary to the public policy of the United States and will continue to cause Logistic irreparable injury and damage.

15. For these reasons, there is an actual and justiciable controversy between Logistic and S&T and Logistic is entitled to a decree that the 970 Patent is invalid.

## **REQUEST FOR RELIEF**

WHEREFORE, Logistic requests that:

A. the Court enter judgment in favor of Logistic in this action and against S&T, thereby dismissing S&T's Complaint in its entirety, with prejudice, and deny S&T all requested relief;

B. the Court enter judgment in favor of Logistic and against S&T on Logistic's counterclaims;

C. the Court rule that the United States Patent Number 7400970 are not infringed by any of Logistic's activities or products;

D. the Court rule that United States Patent Number 7400970 is invalid;

E. the Court rule that S&T does not standing or any right to sue Logistic for infringement of United States Patent Number 7400970;

F. the Court rule that S&T cannot recover any damages from Logistic for alleged infringement of United States Patent Number 7400970;

G. the Court find that S&T is equitably estopped from recovering any damages from Logistic for any alleged infringement of United States Patent Number 7400970;

H. the Court file this case exceptional under 35 U.S.C. § 285 and award Logistic its costs and expenses in this action, including reasonable attorney's fees and pre-judgment interest thereon; and

I. the Court grant Logistic all other and further relief that the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and the 7th Amendment to the Constitution of the United States of America, Logistic hereby demands a trial by jury on issues raised in this action that are so triable.

Respectfully submitted,

Joel C. Zwemer, Esq.
Florida Bar No. 0897371
Daryl J. Krauza, Esq.
Florida Bar No. 0147168
DEAN, MEAD, MINTON & ZWEMER
1903 South 25th Street, Suite 200
Fort Pierce, FL 34947
Telephone:   (772) 464-7700
Facsimile:   (772) 464-7877
Primary Email: JZwemer@deanmead.com
Primary Email: DKrauza@deanmead.com
Secondary Email: DMercer@deanmead.com

Counsel for Defendant, Logistic Dynamics, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished this ___8th___ day of September, 2015 via Email to Jason P. Dollard, Esq., Leslie Robert Evans & Associates, P.A., 214 Brazilian Avenue, Suite 200, Palm Beach, FL 33480, Primary Email: jdollard@jpdesq.com.

Joel C. Zwemer, Esq.
Florida Bar No. 0897371
Daryl J. Krauza, Esq.
Florida Bar No. 0147168

F0214388.1